HARRY BULLUKIAN *vs.* INHABITANTS OF FRANKLIN.

Norfolk.    November 21, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Way,* Public: by prescription. *Prescription. Evidence,* Presumptions and burden of proof.

A town, a respondent in a petition by an owner of land at the corner of two streets for registration of title, in order to establish an easement for a public way acquired by prescription over a portion of the petitioner's land, must prove an adverse use of the land which has continued for more than twenty years under a claim of right and without the acquiescence of the petitioner or his predecessors in title.

The owner of land at the junction of two streets in the town of Franklin in 1923 petitioned in the Land Court for registration of his title. Upon the land was a building fronting easterly or southeasterly upon a street and twenty feet therefrom. The building for many years had been the principal general, and only dry goods store in the village. Until 1896 there was a covered piazza across the front of the building, with the only door to the store leading therefrom. Close to the building on the street along its side was a sidewalk as far as the piazza; on the street upon which it fronted was a footpath along the side of the road, which ran as far as the piazza, and from the path or sidewalk on each street was a step leading up to the piazza. Across the front of the

piazza were three hitching posts. The space between the hitching posts and a railroad bridge in front was used for street purposes as the junction of the two roads. The ground was low and apt to be muddy, and was filled from time to time. Who did the filling before 1889 was not in evidence, but in that year it was graded by the town from the bridge back to the piazza. From 1862 to the time of the filing of the petition, the space between the bridge and the piazza had been used as a public road. The piazza was used by the public as though it constituted the junction of the sidewalk. After 1896, the piazza was taken away and the space formerly used by it thereafter was used as a sidewalk, the town laying and maintaining a concrete walk with a curbstone between it and the roadway. The judge of the Land Court found and ruled that the town had a public right of way in the property of the petitioner in front of his building. *Held,* that

(1) The facts recited did not show that the private way could have been closed to the public, as distinguished from invitees and licensees of the owner, without inconvenience to the owner and injury to his business;

(2) The facts recited did not prove that the use of the way by the public would do any appreciable damage to the owner;

(3) It was plain that it would be difficult to ascertain whether a person travelling on the way was doing so as a mere traveller under a claim of right or was one who used it at the invitation of the owner;

(4) The facts did not warrant a finding or ruling that the use by the public established a prescriptive right in the town;

(5) An exception to the ruling by the judge must be sustained.

PETITION, filed in the Land Court on December 2, 1923, for the registration of the title to certain land in the town of Franklin.

The town of Franklin opposed the registration, claiming to have acquired by immemorable usage and adverse possession an easement for sidewalk and highway purposes over a portion of the premises sought to be registered. The case was heard in the Land Court by *Davis,* J. Material facts found and rulings made by the trial judge are described in the opinion. The petitioner excepted to (1) a "finding or ruling that from 1862 to the present time the space from the bridge back to the line of the piazza has been used as a public road;" (2) a "finding or ruling that the portion of the petitioner's land between the sidewalk in front of his building and the bridge is subject to the public rights of way thereover as constituting the junction of Main and Central Streets;" and a "finding or ruling that 'the strip of the petitioner's land within the sidewalk on Central Street and around the

curve from the southeast corner of the petitioner's small building (which was the nearest corner of the former piazza) is subject to the public rights acquired by prescription to use the same as part of the sidewalk on Central Street and the junction of Central and Main Streets.' "

C. E. Haywood, (C. A. Cook with him,) for the petitioner.

O. T. Doe, (A. W. Dana with him,) for the respondent.

Pierce, J.   This is a petition to register a parcel of land, situated in the area of an acute angle formed by the junction of Main and Central streets in the town of Franklin.   These streets come together at a railroad bridge under which are the tracks of the New York, New Haven and Hartford Railroad Company.   Fronting easterly or southeasterly toward this bridge, and about twenty-five feet therefrom, is the petitioner's main building, for many years the principal general, and only dry goods, store in the village.   The respondents claim public rights of way over the space between the building and the bridge and over the sidewalk as now constructed.   The respondent town claims no other interest in said premises, and the only issue is the acquirement by the town and the public in this easement.

The petitioner offered no evidence other than the report of the examiner and a plan of the premises, a copy of which is annexed to the bill of exceptions.   The bill of exceptions states that " The findings of fact and conclusions of fact contained in the decision of the Land Court are all the facts and summarize all the material evidence in this case upon which the court made its findings of fact and conclusions of fact and made its rulings of law."

The facts found by the judge are as follows:   Until 1896 there was a covered piazza across the front of the building, with the only door to the store leading in from said piazza. The streets were country roads.   On Main Street was a sidewalk close to the building as far as the piazza.   On Central Street there was the usual footpath along the side of the road also as far as the piazza.   From the sidewalk on either side was a step leading up to the piazza.   Against the front of the piazza were three hitching posts.   The space between the hitching posts and the railroad bridge was used for street

purposes as the junction of the two roads. Teams were at times hitched to the posts in front of the store, but until 1896 the public in general passed and repassed continually over this space. The ground was low and apt to be muddy, and from time to time dirt was filled in over it, although there is no evidence as to who did the filling, until between 1887 and 1889, when it was graded by the town from the bridge back to the piazza. From at least 1862 to the time of the decision of the Land Court the space from the bridge back to the piazza has been used as a public road. The piazza was used by the public as though it constituted the junction of the sidewalks. People passing on foot did not go around in front of it over the roadway but passed across it. Since 1896, when the piazza was taken away and the entrance to the store moved to the corner of the building at Main Street, the space formerly occupied by the piazza has been utilized as a sidewalk, the town laying and maintaining a concrete walk with a curbstone between it and the roadway.

Upon the foregoing facts, which summarize all the material evidence, as a conclusion of fact, the judge found (1) that the portion of the petitioner's land between the sidewalk in front of his building and the bridge is subject to public rights of way; and (2) that the strip of the petitioner's land within the sidewalk on Central Street and around the curve from the southeast corner of the petitioner's small building (which was the nearest corner of the former piazza) is subject to the public rights acquired by prescription to use the same as a part of the sidewalk on Central Street and the junction of Central Street and Main Street. To the finding or ruling that from 1862 to the present time the space from the bridge back to the line of the piazza has been used as a public road, and to the findings and rulings embraced in paragraphs numbered 1 and 2, the petitioner duly excepted.

The question presented is, whether the facts upon which the conclusions of fact were drawn warrant a ruling that the public or town has acquired by prescription an easement of way over any portion of the petitioner's land above described.

To establish a public way by prescription, it was necessary for the respondent town to prove an adverse use of the land sought to be registered, which had continued for more than twenty years under a claim of right and without the acquiescence of the petitioner or his predecessors in title to such use. *Sprow* v. *Boston & Albany Railroad*, 163 Mass. 330, 339. The mere fact of user by the public for the period required to establish a public way raises no presumption that such use is adverse. To establish such a use the further fact must be proved, or admitted, that the general public used the way as a public right; and that it did must be proved by facts which distinguish the use relied on from a rightful use by those who have permissive right to travel over the private way. *Hannefin* v. *Blake*, 102 Mass. 297. The requirement that proof of adverse use under claim of right, as distinguished from a use which is permitted, shall be established by proven facts is particularly apposite to a claim of a public right of way, which, proved, destroys a private way kept open and unobstructed, by the owner of the fee, so that all persons might travel over it in connection with the business of such owner, with the least inconvenience to travellers, prospective customers and the owner.

Upon the facts there is nothing to show that the private way could have been closed to the public, as distinguished from invitees and licensees of the owner, without inconvenience to the owner and injury to his business. There is no fact to prove that use of the way by the public would do any appreciable damage, and it is plain that it would be difficult to ascertain whether the person travelling on the way was doing so as a mere traveller under a claim of right, or was one who used it at the invitation or with the permission of the owner. *Durgin* v. *Lowell*, 3 Allen, 398. In the circumstances disclosed, the use of the private way described in the petition, including the sidewalk area, by the public at large, did not warrant the finding or ruling that such use established a prescriptive right in the town. It follows that the exceptions must be sustained.

*Exceptions sustained.*