GEORGE T. SCOTT *vs.* CITY OF WORCESTER.

Worcester.    September 30, 1926. — November 24, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL & WAIT, JJ.

*Way,* Public: by prescription.    *Prescription.*

Two streets in a city running in a generally northerly direction converged at an acute angle.    The owners of the triangular lot thus formed in 1866 conveyed to the city land at the apex and built a brick store on the remaining portion of the lot, leaving, between the part conveyed to the city and the northerly wall of the building, a space on which the city, in 1867, built a sidewalk, which it maintained continuously thereafter to 1925, during which time its use by pedestrians to go from one street to the other was acquiesced in by the owner of the building.    After 1870, the space occupied by the sidewalk was not assessed to the owner of the building.    A store was maintained in the building, with entrances on each of the two streets, eight or nine feet southerly from the northerly wall.    The northerly wall was

occupied by a show window for the display of goods. Upon a petition for registration of title to the land on which the sidewalk was built, it was *held,* that

(1) The city and the public had acquired by prescription an easement over the land in question;

(2) A finding was required that the general public had exercised a public right, as distinguished from a permissive right, to travel over the land in question;

(3) *Bullukian* v. *Franklin,* 248 Mass. 151, distinguished.

PETITION, filed in the Land Court on July 30, 1925, for the registration of the title to land in the city of Worcester.

In the Land Court, the petition was heard by *Smith,* J. Material evidence and findings by the judge are stated in the opinion. The respondent asked for the following rulings:

"1. That on all the evidence that portion of the land shown on the plan accompanying the petitioner's petition as lying northerly of the building thereon is a part of the sidewalk and belongs to the city of Worcester.

"2. That on all the evidence that portion of the land shown on the plan accompanying the petitioner's petition as lying northerly of the building thereon is subject to an easement or right of way in favor of the public for sidewalk purposes.

"3. That on all the evidence that portion of the land shown on the plan accompanying the petitioner's petition as lying northerly of the building thereon is subject to an easement or right of way in favor of the city of Worcester for sidewalk purposes."

The rulings were refused. A decree was ordered for the petitioner, and the respondent alleged exceptions.

*W. C. Mellish,* City Solicitor, (*A. W. Blackmer,* Assistant City Solicitor, with him,) for the respondent.

*A. S. Houghton,* for the petitioner.

CROSBY, J. This is a petition brought in the Land Court to register the title to a certain tract of land in the city of Worcester, situated at the junction of Main Street and Southbridge Street. The land, shown on a plan annexed to and made a part of the bill of exceptions, is triangular in shape. Its most northerly portion, which is included within

the apex of the triangle at the intersection of the streets and is shown on the plan as "C," was conveyed by the petitioner's predecessor in title to the respondent city in 1866. The petition for registration comprises the remainder of the original tract, which is shown on the plan as "A" and "B." Lot "A" is substantially covered by a four story brick building. The small tract shown as "B", which is between the building and the portion conveyed to the city runs between Main Street and Southbridge Street, and since 1867 has been a part of the sidewalk constructed and maintained by the city for the use of pedestrians.

It is found by the Land Court that the locus is near the centre of the business section of the city; that both of the abutting streets are extensively travelled main thoroughfares; that the building on lot "A" has stood there since 1867, the first floor of which has been continuously occupied as a drug store by the petitioner or his father from 1867 to 1925. There are two entrances to the store, one on each street, and located about eight or nine feet southerly from the northerly wall of the building; across the front or northerly end of the store is a large show window which has always been used for the display of goods. Both doors have been used by customers as was most convenient. Across the north front over the show window a sign has been maintained reading "Scott's Cut Price Drug Store." The judge of the Land Court inferred from the facts shown that people frequently walked over parcel "B" to look in the show window. He further found that in 1867 the city laid a sidewalk up to the north line of the building and extending between the two streets, and has so maintained it ever since; that the sidewalk has been used by the public continuously since that year and that such use has been by large numbers of people; that in 1867 angular curbing lines on the two streets were established by the county commissioners, and about the year 1900 the city changed these lines to a continuous curving line.

It also appears from the record of the Land Court that for more than twenty years a theatre has been located on Southbridge Street across from the locus and that patrons

of the theatre have continuously passed over parcel "B" to go to and from electric cars running on Main Street. Since the year 1870, parcel "B" has not been assessed to the petitioner or to his predecessors in title, and no taxes have been paid thereon since that year. The judge of the Land Court in his decision stated that the petitioner testified he recently learned that this parcel was not included in his assessment.

The petitioner contends that he owns parcels "A" and "B" in fee free from any encumbrances, and the Land Court so found. It is the contention of the city that the land shown as "B" is a part of the sidewalk and belongs to the city, and that it is subject to an easement in favor of the public for use as a sidewalk.

Upon the facts found it is manifest that the city and the public have acquired by prescription an easement over the land in question. For nearly sixty years the city has maintained a sidewalk over this land for pedestrians, and during all this time the sidewalk has been used by the general public in large numbers apart from those who have travelled over it for the purpose of visiting the drug store now owned by the petitioner. The subsidiary findings of the judge of the Land Court show that the use by the public has been adverse to the rights of the owners since the year 1867, and that such use has been acquiesced in by the petitioner and by his predecessors in title. This is not a case where a private way existed, the use of which was assented to or permitted. There is no evidence that the petitioner's predecessors in title objected to the construction of the sidewalk, or that he or they ever objected to its maintenance by the city or to the changes made with reference thereto in the year 1900.

The subsidiary findings by the trial judge required the further finding that the general public used the way as a public right as distinguished from a permissive right to travel over it. *Williams* v. *Cummington,* 18 Pick. 312. *Valentine* v. *Boston,* 22 Pick. 75. *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330. *Barron* v. *Watertown,* 211 Mass. 46. *Sullivan* v. *Worcester,* 232 Mass. 111.

It is apparent from the records of the assessors' office that the land in question was not assessed by the city because it was a part of the sidewalk and was no more subject to assessment than any other part of the street abutting upon the petitioner's land.

It does not appear that the petitioner or his predecessors in title ever posted any notice on the land, as provided in G. L. c. 187, § 3, and similar statutes in effect prior thereto, for the purpose of preventing the acquirement of an easement over the land.

It is the contention of the petitioner that the case at bar is governed by *Bullukian* v. *Franklin*, 248 Mass. 151. In that case the petitioner owned land at the junction of two streets. There was a building on the land, fronting on a street and twenty-five feet therefrom, for many years used as a general store, and it was the only dry goods store in the village. For more than twenty years the space in front of the store had been used as a public way, and a piazza across the front of the building was used by the public as though it constituted the junction of the sidewalk. After 1896 the piazza was taken away and the space formerly occupied by it was thereafter used as a sidewalk, the town laying and maintaining a concrete walk with a curbstone between it and the roadway. In view of these facts, it was held that the town did not acquire any prescriptive right in the petitioner's land; that there was no evidence to show that the private way could not be closed to the public, as distinguished from licensees and invitees, without inconvenience to the owner and injury to his business; that there was no evidence to prove that the use of the way by the public would do any substantial damage; and that it would be difficult to ascertain whether a person travelling on the way was there as a traveller under a claim of right or at the invitation or permission of the owner.

In the case at bar there was no door by which entrance to the drug store could be gained from the sidewalk. Besides, it appeared that there was a great amount of travel by the general public over this sidewalk between Main Street and Southbridge Street; and that it was not necessary to pass

over this sidewalk to reach the plaintiff's store from either of the abutting streets. These facts, together with the fact that neither the petitioner nor his predecessors in title have been assessed as owners of this strip of land or paid any taxes thereon since 1870, distinguish the present case from *Bullukian* v. *Franklin, supra.* And it is also distinguishable from *Harvey* v. *Sandwich,* 256 Mass. 379, and other cases cited by the petitioner.

It follows that the respondent's second and third requests in substance should have been given.

*Exceptions sustained.*