ANNIE L. SIEGEMUND *vs.* BUILDING COMMISSIONER
OF THE CITY OF BOSTON.

SAME *vs.* SAME.

Suffolk.    October 22, November 15, 19, 1926.— May 18, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Zoning. Boston,* Building commissioner. *Municipal Corporation,* Officers
and agents. *Practice, Civil,* Parties, Amicus curiae. *Mandamus.
Certiorari. Words,* "Street," "Person aggrieved."

One owning land adjacent to land upon which its owner purposes to erect
a building in violation of the zoning act of the city of Boston is a "per-
son aggrieved" under the provisions of St. 1924, c. 488, § 18, and,
upon his giving to the building commissioner of the city of Boston
well founded information in writing of the intended violation, the com-
missioner must take "immediate steps" to enforce the provisions of
the act; and, upon the commissioner's failing to do so, such landowner
may maintain a petition for a writ of mandamus compelling such action
on the part of the commissioner.

The word "street" as used in §§ 12, 13, of St. 1924, c. 488, the zoning act
of the city of Boston, means a public way.

A private way in the city of Boston, not approved by any department of
the city nor yet constructed, and delineated for the first time upon a
plan filed with the building commissioner of the city of Boston by one
seeking a permit for the erection of buildings fronting upon it and hav-
ing side and rear walls at the street lines of public streets, is not a
"street" upon which a new structure under St. 1924, c. 488, §§ 12, 13,
the zoning act of the city of Boston, may front.

*It was stated* that the foregoing rule of law did not relate to the construction
of buildings under the zoning act which do not and cannot well be made
to front on public ways.

Intimations of fact, contained in a brief filed by leave of this court at the
hearing of a petition for a writ of mandamus by an *amicus curiae* and
opposing the contention of the petitioner, have no bearing if such facts
do not appear in the record.

Mandamus, and not certiorari, is the proper proceeding to compel the build-
ing commissioner of the city of Boston to perform the duties imposed
upon him by St. 1924, c. 488, § 18.

In a proceeding for a writ of mandamus of the character above described,
it is proper to permit the owners of property upon which the building is
proposed to be erected in violation of the zoning act to appear and an-
swer the petition; counsel for other parties having an interest as con-
struction mortgagees may be permitted by the court to file a brief as
*amicus curiae.*

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on December 29, 1925, and afterwards amended, for a writ of certiorari to review and quash an order of the respondent granting a permit for the erection of the buildings described in the opinion.  Also, a

PETITION, filed in the same court on January 5, 1926, and afterward amended, for a writ of mandamus commanding the respondent to take immediate steps under St. 1924, c. 488, § 18, "to cause a complaint to be made before the Municipal Court of the City of Boston or to apply for an injunction in the Superior Court of the county of Suffolk."

The "owners" were permitted to appear and be heard.

The two petitions were consolidated by order of *Crosby*, J., and were reserved for determination by the full court. Material facts are stated in the opinion.

St. 1924, c. 488, § 18, reads as follows:

"It shall be the duty of the building commissioner of the city of Boston to enforce the provisions of this act in manner and form and with powers similar to those practised or provided under the aforesaid building law.  No permit shall be issued for the construction, alteration or moving of any building or part thereof unless the plans and intended use indicate that the building and the premises are to conform in all respects to the provisions of this act.

"Upon any well founded information in writing from any person aggrieved that the provisions of this chapter are being violated or upon his own initiative, the building commissioner shall take immediate steps to enforce the provisions of this act by causing complaint to be made before the Municipal Court of the City of Boston or by applying for an injunction in the Superior Court.

"It shall be unlawful to use or permit the use of any premises or building or part thereof hereafter erected, or altered wholly or partly, or the yards, courts or other open spaces of which are in any way reduced, until the building commissioner shall have certified on the building permit or, in case no building permit is issued, shall have issued a use permit specifying the use to which the premises, or the building upon being sufficiently completed to comply with

the provisions and regulations relating thereto, may be put."

*L. Schwartz*, Assistant Corporation Counsel, for the respondent.

*F. H. Stevens*, for the petitioner, submitted a brief.

*Asa P. French*, submitted a brief as *amicus curiae*.

RUGG, C.J.   The agreed facts in substance are that the petitioner is now and has been for a number of years the owner of land with a dwelling house thereon numbered 84 on Crawford Street in the Roxbury District in Boston.   In December, 1925, land at the corner of two streets, numbered 88 Crawford Street and 194 Humboldt Avenue, was bought by persons who with the successor in title will hereafter be designated as the owners.   They were granted by the respondent on December 5, 1925, a permit to erect a building belonging to the tenement house class under the building laws, three stories in height and divided into three buildings separated by two party walls, extending to the street line on Humboldt Avenue, and the rear extending to the street line on Crawford Street for about twenty-five feet from the corner of Humboldt Avenue, and from that point varying from zero to about thirteen feet back from that street line, and having an open space of about six and one half feet from land of the petitioner.   The proposed buildings are shown as "fronting upon a proposed court, or private way, (not yet approved by any department of the city of Boston or yet constructed) called 'Franklin Garden'," a name given it by the owners.   This court or private way first appears on plans filed with the respondent and is shown as being twenty-eight feet wide.   These proposed buildings are given numbers 2, 4 and 6 on the so called "Franklin Garden" and show a setback therefrom of ten feet.   The petitioner, on December 17, 1925, filed with the respondent a statement in writing of her grievance by the erection of the proposed building, setting forth that the same was in violation of St. 1924, c. 488, §§ 12, 13, the zoning act of the city of Boston.   Prior to the enactment of this act and at the time of the purchase of this land by the owners, there existed thereon, about thirty feet back from Humboldt Avenue and Crawford Street, a dwelling

house soon after torn down by the owners. It further is stated in the agreed facts: "At the time of the filing by this petitioner, in writing, with the building commissioner a statement of her grievance, alleging violation of the zoning laws, the respondent, due to oral complaint of the petitioner alleging said violation of said zoning act, put into effect on further work on said building, a 'stop order,' which has continued in effect and is now in effect, awaiting the outcome of the legal proceedings brought by this petitioner. No action has been taken by the street commissioners of the city of Boston up to the present time, approving the location, grades or recognition of the court or private way, known as 'Franklin Garden' and no record of the same has been made in said department or any other department of the said city of Boston, it only appearing on the plans filed with the building commissioner, with respect to the granting of the permit to build thereon to one Cecelia Rosenberg, and on a plan filed in Suffolk County Registry of Deeds December 4, 1925. . . . The numbering of the buildings, 2, 4 and 6 on said Franklin Garden, was furnished by the superintendent of permits of public works department of the city of Boston, upon the application of the" owners.

The petitioner is the owner of land adjacent to that for which the building permit has been granted, and was a "person aggrieved" within the meaning of those words in St. 1924, c. 488, § 18. She was justified in giving "information in writing" to the respondent of the fact and grounds of her contention that the provisions of said c. 488 were being violated. Upon his failure to take steps to enforce the provisions, she might under the statute appeal to the court for relief by mandamus. *Ayer v. Commissioners on Height of Buildings in Boston*, 242 Mass. 30, 33. *Wood v. Building Commissioner of Boston*, 256 Mass. 238, 242.

The land of the owners lies partly in the zone known as "R-65" and partly in the zone known as "R-40," but the differences between those two zones do not bear materially on the main question presented for decision. That main question is whether the setback from the "street" and "the street line" on which a new building "fronts," required in

the construction of new buildings under the zoning act, St. 1924, c. 488, may be computed from Franklin Garden as it has just been described. If Franklin Garden is not "street" within the meaning of that word in paragraphs of §§ 12 and 13 of the zoning act, then it is plain that the erection of the buildings in accordance with the permit and plans would constitute a violation of the zoning act, which the respondent ought to take immediate steps to prevent under § 18 of that act.

The zoning act contains no definition of the word "street." It was said in *Commonwealth* v. *Boston, Barre & Gardner Railroad,* 135 Mass. 550, 551, after a review of numerous statutes, "that the word 'street' is commonly used in the statutes to designate a public way, — either a highway or a town way, or a way which has become public by dedication or prescription. . . . It can hardly be supposed that it was intended to include mere private ways, in which the public has no rights except by permission of the owner, and which he may close up at any time." That states the general principle.

So far as there is any internal evidence in the zoning act as to the meaning intended by the Legislature in using the word "street," it tends to confirm the general rule. The zoning act in § 1 permits reference to St. 1907, c. 550, being the building law of the city of Boston, for definition of terms. In §§ 18, 42 (2), 42 (4), 45, 56, 58, 65 and 79 of said c. 550, the word "street" is used in connection with "place or private way," "alleys or open passageways," "alley, or open passageway," "outer court" and "open court." Those words appear to be used in contrast to "street" or "streets" and to be intended to comprehend various classes of private ways whether the public has rights in them or not. The words of § 91 that stage doors of theatres shall open "directly upon a street, alley, court, or courtway leading to a public thoroughfare" do not support an opposite view as to the meaning of "street." The words "public way or square" used in a different context in § 13 do not lead to any other construction.

In our opinion the word "street" as used in §§ 12 and 13

of the zoning act means a public way.    It is manifest that Franklin Garden as shown on this record does not come within any proper definition of "street" as used in the act.    Clearly Franklin Garden is not and cannot become a public way by dedication.    G. L. c. 84, § 23.    *Guild* v. *Shedd,* 150 Mass. 255.    *Byrne* v. *Savoie,* 225 Mass. 338, 340.    It has never been "laid out, established or accepted by the city, as required by law, and it never became a public way."    *Munroe* v. *Worthington Pump & Machinery Corp.* 245 Mass. 474, 478. It cannot rightly be described as a street upon which a new structure under the zoning act can lawfully front.    Doubtless public travel over a private way may be so predominant and long continued that with other essential elements and circumstances a public way may come into existence.    *Weld* v. *Brooks,* 152 Mass. 297, 303, 305.    *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330, 340.    *Bullukian* v. *Franklin,* 248 Mass. 151, 155.    *Scott* v. *Worcester,* 257 Mass. 520. But there is nothing of that sort in the case at bar, because Franklin Garden sprang into being substantially contemporaneously with the permit.

By way of precaution, it may be added that nothing here decided relates to the construction of buildings under the zoning act which do not and cannot well be made to front on public ways.    That matter is left open.

The brief filed by the *amicus curiae* contains an intimation that the buildings have been completed in accordance with permit.    If that be the fact, it is not shown by the record and has no bearing upon the case at bar.    Parties who go forward in the circumstances suggested must do so at their own risk.

The petitioner brought a petition for a writ of mandamus and also a petition for a writ of certiorari, being in doubt as to the proper remedy and desiring not to fail because of mistake in the form of relief sought.    Of course both cannot be maintained.    We are of opinion that mandamus is the proper remedy.    It was the ministerial or administrative duty of the respondent in the circumstances here disclosed, after the information in writing given him by the petitioner, to act under St. 1924, c. 488, § 18, and "take immediate steps to enforce the provisions" of that act "by causing complaint

to be made before the Municipal Court of the City of Boston or by applying for an injunction in the Superior Court." Hence the aid of the court to compel him to perform that duty may be invoked by mandamus. *Flanders* v. *Roberts*, 182 Mass. 524, 529. *Madden* v. *Election Commissioners of Boston*, 251 Mass. 95, 101, and cases there collected. *Wood* v. *Building Commissioner of Boston, supra. Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82. *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, and cases there collected.

The owners rightly were admitted to appear and answer in the petition for a writ of mandamus. G. L. c. 249, § 5. *MacBrayne* v. *City Council of Lowell*, 241 Mass. 380, 384. *Andrews* v. *Board of Registrars of Voters*, 246 Mass. 572, 573. Counsel for other parties having an interest as construction mortgagees filed a brief as *amicus curiae* by permission of the court. See *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5, 8.

Whether the fact that the permit appears not to have been granted to the owners of the land is a fact of any consequence has not been considered because the case has been decided on broad grounds.

It follows that a peremptory writ of mandamus is to issue commanding the building commissioner to institute and prosecute appropriate proceedings to cause strict observance of all provisions of the zoning act with reference to the proposed buildings fronting on Franklin Garden.

> *Petition for writ of certiorari dismissed.*
> *Peremptory writ of mandamus to issue.*