ANNIE L. SIEGEMUND *vs.* BUILDING COMMISSIONER OF THE
CITY OF BOSTON.

Suffolk.   November 15, 1927.— April 3, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Zoning. Mandamus,* Petition to intervene. *Mortgage,* Of real estate.
*Lis Pendens. Notice.*

The *lis pendens* statute, G. L. c. 184, § 15, does not apply to a petition for a
writ of mandamus to command the building commissioner of the city
of Boston to enforce the zoning act of that city with respect to buildings
being erected in violation of the zoning act upon land adjoining land of
the petitioner.

The zoning laws are binding upon one who lends money and accepts a
mortgage of real estate without having had notice of their violation.

After rescript, in the above described mandamus proceedings, command-
ing the building commissioner of the city of Boston to enforce the zon-
ing act, the rights of the parties do not require that a mortgagee of the
land, who had lent money without notice of violation of the act and
without notice of the proceedings, thereafter be allowed to intervene
as a party and to answer the petition; and a petition by such a mort-
gagee for leave so to intervene properly was denied.

It *was stated* that the mortgagee above described properly might have been
admitted to appear and answer to the petition.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on January 5, 1926, and afterwards
amended, for a writ of mandamus to command the building
commissioner of the city of Boston to take "immediate
steps" under St. 1924, c. 488, § 18, to enforce the provisions
of the zoning act of the city with reference to land adjacent
to land of the petitioner, upon which, the petitioner alleged,
buildings were being erected in violation of the statute.

The case previously was before this court upon a reserva-
tion by *Crosby,* J., when, by a decision reported in 259
Mass. 329, a writ of mandamus was ordered to issue.

After rescript, two petitions were filed for leave to in-
tervene in the proceedings.   The petition by the New York
Life Insurance Company is described in the opinion.   That
petition also alleged that at the time the petitioner took a

first mortgage, the owners had a good record title to the property, not subject to any encumbrance of record, and not subject to any notice appearing in the registry of deeds that any proceeding was pending with regard to the property. The petitions were heard by *Crosby*, J., who ruled as a matter of law, upon the allegations of the petitions and certain answers to the original petition offered for filing by the present petitioners, that the petitioners were not entitled to the relief sought. Both petitions were denied and reported for determination by the full court.

The case was argued at the bar in November, 1927, before *Rugg*, C.J., *Braley*, *Carroll*, & *Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices except *Crosby*, J.

*R. W. Hale*, for the respondent New York Life Insurance Company.

*Asa P. French*, for Nathan Ginsburg and another, submitted a brief.

*F. H. Stevens*, for Annie L. Siegemund, submitted a brief.

CARROLL, J.   After rescript in *Siegemund* v. *Building Commissioner of Boston*, 259 Mass. 329, the New York Life Insurance Company (hereinafter called the Insurance Company), Nathan Ginsburg and Sidney A. Goodman petitioned to intervene. The petitions were denied by a single justice, and the case reported. The facts were fully set out in *Siegemund* v. *Building Commissioner of Boston*, *supra*, and it was there decided that the word "street" as used in the zoning act, means a public way, and that Franklin Garden as shown on the record was not a street.

Ginsburg and Goodman were allowed to appear at the hearing before the full court by their counsel, Asa P. French, who as *amicus curiae* filed a brief. The *lis pendens* statute, G. L. c. 184, § 15, does not help them as they must have had actual notice of the litigation. *Steele* v. *Estabrook*, 236 Mass. 252, 255.

The Insurance Company on November 25, 1926, took for a valuable consideration a first mortgage, on the premises in question, which was duly recorded; it now holds the note secured by the mortgage and the mortgage title to the prop-

erty. It alleges in its motion that it took this title without notice of any proceedings after the permit for the erection of the building had been granted, and it had no notice of certain stop orders issued by the acting building commissioner until after rescript in the case. The single justice ruled that, on the allegations of the petitions and the answers offered for filing by the petitioners, they were not entitled to relief.

No memorandum as required by the *lis pendens* statute was recorded in the registry of deeds. That statute, G. L. c. 184, § 15, provides "A writ of entry or other proceeding, either at law or in equity, which affects the title to real property . . . shall not have any effect except against the parties thereto . . . and persons having actual notice thereof, until a memorandum containing the names of the parties to such proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to be affected thereby lies . . . is recorded in the registry of deeds for the county or district where such real property lies . . . ." At common law the Insurance Company would be deemed to have notice of the proceeding instituted by Siegemund to enforce the zoning law. *Haven* v. *Adams*, 8 Allen, 363, 367. *Wight* v. *Packer*, 114 Mass. 473, 474.

G. L. c. 184, § 15, does not in our opinion apply to the petition for mandamus brought by Siegemund against the building commissioner. Her petition was not a proceeding contemplated by the statute. The action at law or suit in equity which is within the scope of the statute is one where the right or title of the parties in some particular real estate, the subject matter of the action or suit, is involved, and where the purpose of the proceedings is to determine the title and rights of the parties. It is to be assumed that the statute includes all actions and proceedings at law and in equity where title to a tract of land between parties is concerned and includes actions and proceedings to enforce a lien or encumbrance on real estate. But the petitioner in the original action was not claiming any title or interest in the real estate in question; she was not seeking to establish a

lien or encumbrance on land in which she was interested; she was seeking to enforce the zoning law and to compel the building commissioner to perform his duty and enforce the provisions of the statute. Such proceedings, while they may affect the rights of the owner to real estate, are not within the meaning of the *lis pendens* statute. See *Longstaff* v. *Hurd*, 66 Conn. 350, 358; *Rardin* v. *Rardin*, 85 W. Va. 145, 150; *Walker* v. *Goldsmith*, 14 Ore. 125.

Undoubtedly the Insurance Company could have been admitted to appear and answer to the petition, *Siegemund* v. *Building Commissioner of Boston, supra,* at page 335, and it would now be admitted as a party if the opinion in the original action should be revised. We are, however, satisfied with the result reached in the opinion, and see no reason why it should be changed. The rights of all the parties do not require that the Insurance Company should be permitted to intervene. The zoning laws are binding upon all, and are binding on a mortgagee who, without notice of their violation, lent its money. In dealing with real estate all who are interested are required to take notice of the zoning laws. They would be of little value if they could not be enforced against all parties.

*Petition denied.*