WILLIAM HARPER, JR., *vs.* BOARD OF APPEAL OF THE BUILD-
ING DEPARTMENT OF THE CITY OF BOSTON.

Suffolk.     February 5, 1930. — May 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Boston,* Board of appeal of the building department. *Certiorari. Man-
damus. Equity Jurisdiction,* Adequate remedy at law.     *Words,*
"Appropriate process."

One, the value of whose property has been affected by a decision, with
reference to an adjoining property, by the board of appeal of the
building department of the city of Boston within the meaning of
§ 129 of the building law thereof, St. 1907, c. 550, as amended, cannot
maintain a suit in equity against the board to have them ordered to
rescind and annul their decision: he has no property right in enforce-
ment of the law as against the adjoining owner, and a suit in equity
is not "appropriate process" within the meaning of those words in
said § 129.
The title to said § 129, "Enforcement — Jurisdiction in Equity," has
reference to proceedings by the city thereunder and does not author-
ize such a suit in equity by a property owner.
Said § 129 provides for a review of a decision by the board affecting the
value of a person's property, and does not provide for an appeal
therefrom.
It *was stated* that certiorari or mandamus is the proper method by which
one, the value of whose property has been affected by such a decision,
should secure a review thereof.
There was no merit in a contention that said § 129 contemplates an
appeal in equity from such a decision for the reason that upon an
appeal in equity this court would be permitted to set aside findings
of fact by the board, whereas it could not do so in certiorari proceedings.

BILL IN EQUITY, filed in the Superior Court on February
25, 1929, and afterwards amended, described in the opinion.

The defendants demurred. The demurrer was heard by
*Burns,* J., by whose order there was entered an interlocu-
tory decree sustaining it. The plaintiff appealed.

*J. L. Kaplan,* for the plaintiff.

*L. Schwartz,* Assistant Corporation Counsel, for the de-
fendant.

WAIT, J. The only clear allegations of this bill are that
the plaintiff, owning property in Boston which he claims

is depreciated in value by changes in an adjoining building made by one Blas, the then owner, on May 7, 1928, complained to the building commissioner that violations of the building laws existed; that in September, 1928, one Maria Baione became owner and, subsequently, made further alterations alleged to be illegal; that she applied for a permit, was denied by the commissioner and appealed to the board of appeal of the building department; and that the board, on January 25, 1929, made a decision which the plaintiff asserts is erroneous in certain respects. The bill does not set out the plaintiff's complaint, Maria Baione's petition for a permit, nor the decision of the board of appeal. Only by inference can one gather that the decision overruled the building commissioner. It is brought against the members of the board of appeal. It prays that they be ordered to annul and rescind their decision, and for further relief. The defendants demurred on the grounds that the remedy sought was improper, and that the plaintiff had an adequate remedy at law. The plaintiff appeals from a decree sustaining the demurrer.

Section 129 of the building law of the city of Boston (St. 1907, c. 550 with its many amendments) gives to any court having jurisdiction in equity, upon application by the city, power to restrain infringements of its requirements and to compel compliance; and, further, provides that "Any person, the value of whose property may be affected by any decision of the board of appeal, may have the action of said board reviewed by the court by any appropriate process . . ." A bill in equity is not such "appropriate process." The rights for the vindication of which a bill in equity is appropriate are ordinarily rights of property, *Kelley* v. *Board of Health of Peabody*, 248 Mass. 165, 168; and it has been decided that one has no property right to obedience by his neighbors to statutory requirements. *Hagerty* v. *McGovern*, 187 Mass. 479. *Rudnick* v. *Murphy*, 213 Mass. 470, 471. *O'Keefe* v. *Sheehan*, 235 Mass. 390. *Kelley* v. *Board of Health of Peabody, supra.* *O'Brien* v. *Turner*, 255 Mass. 84. The words of the heading of the section, "Enforcement — Jurisdiction in Equity,"

clearly apply to the proceedings authorized upon application by the city for the injunctive relief peculiar to equity, and not to the proceedings for review of decisions of the board of appeal. In our opinion, they cannot be taken as an express sanction of a bill in equity for the purpose of the review. It would have been unnecessary to provide in terms for "appropriate process," if proceedings in equity for review had been regarded as authorized by the earlier language of the section. Moreover, it is a review of the decision, not an appeal from it, which the section authorizes and contemplates. The difference is discussed in *Swan* v. *Justices of the Superior Court,* 222 Mass. 542. Certiorari and mandamus are the processes reasonably to be considered as appropriate — certiorari, the well recognized process for correction by a supervisory court of errors of an inferior court from which no appeal is provided, or of a tribunal not acting in the usual course of the common law, *Swan* v. *Justices of the Superior Court, supra, Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex,* 249 Mass. 465, 468; and mandamus, equally well recognized as a process to compel action by the inferior tribunal in circumstances where action has improperly been denied. *Bancroft* v. *Building Commissioner of Boston,* 257 Mass. 82. *Siegemund* v. *Building Commissioner of Boston,* 259 Mass. 329, 334, 335. These are remedies which this court has held to be proper. *Bancroft* v. *Building Commissioner of Boston, supra.*

The contention that, since certiorari does not permit this court to set aside findings of fact if no error of law is involved in them while an appeal in equity would allow it, the latter is the remedy intended to be given, contravenes our view of the legislative purpose. Review contemplates not a rehearing of evidence and redetermination of fact by this court but an examination of a record to see if error which vitiates the decision is present. *Swan* v. *Justices of the Superior Court, supra,* at pages 547, 548. It cannot be that the Legislature, after taking extraordinary care to secure in the board of appeal a tribunal especially fitted by character, training and experience to deal with the subject matter,

intended to subject their findings of fact to reversal by a court of law, unless distinct errors of law invalidated them. Compare *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451.

The decree was right and must be

*Affirmed with costs.*