JOHN H. MCCARTHY, trustee,[1] *vs.* JAMES M. HURLEY, trustee.[2]

Dukes County. June 8, 1987. — July 24, 1987.

Present: BROWN, PERRETTA, & FINE, JJ.

*Lis Pendens. Practice, Civil,* Lis pendens notice.

A landowner was entitled to have struck from a certificate of title to registered land a memorandum of lis pendens filed by an adjoining landowner, which claimed that certain pending litigation with respect to approval of a subdivision plan for the land in question "affects [the] premises," where the underlying subdivision control litigation to which the lis pendens referred did not constitute a proceeding "affecting the title to land or the use and occupation thereof," as contemplated by G. L. c. 185, § 86, the lis pendens statute applicable to registered land. [534-538]

CIVIL ACTION commenced in the Land Court Department on June 13, 1984.

The case was heard by *John E. Fenton, Jr., J.* on motions for summary judgment.

*William G. Meserve* for the defendant.

*Jerry E. Benezra (Eugene L. Tougas* with him) for the plaintiff.

FINE, J. John H. McCarthy, trustee of South Shore Trust, and James M. Hurley, trustee of the Herring Creek Farm Trust, are owners of abutting parcels of land on Martha's Vineyard. In his complaint filed in the Land Court, McCarthy[3] sought to have struck from a certificate of title of the registered land owned by his trust a memorandum of lis pendens filed by Hurley.

---

[1] Trustee of South Shore Trust.

[2] Trustee of Herring Creek Farm Trust.

[3] For the sake of simplicity the parties are referred to throughout as "McCarthy" and "Hurley", although in each instance the reference is to one or the other acting as trustee for his trust.

The underlying proceeding to which the memorandum of lis pendens referred, which is pending at the present time in the Superior Court, was brought in May of 1984 under G. L. c. 41, § 81BB, by Hurley against the Edgartown planning board, the Edgartown board of health, and McCarthy. The complaint in that proceeding alleged that the approval of a subdivision plan for McCarthy's land was, for various reasons, unlawful, and it sought to have the decision approving the plan annulled. Although that complaint included prayers for preliminary and permanent injunctive relief, no application for a preliminary injunction has ever been made. Instead, on June 12, 1984, Hurley filed a memorandum of lis pendens in the Superior Court, claiming the subdivision appeal "affects [the] premises." McCarthy moved in the Superior Court on July 6, 1984, to have the lis pendens vacated, but his motion was denied.

On June 13, 1984, McCarthy filed in the Land Court the complaint which is the subject of this appeal. On cross motions for summary judgment a Land Court judge, on May 20, 1986, ruled in McCarthy's favor, ordering the memorandum of lis pendens struck from the certificate. The principal question raised on appeal is whether the underlying subdivision control litigation to which the lis pendens refers is a proceeding "affecting the title to land or the use and occupation thereof", as contemplated by G. L. c. 185, § 86, the lis pendens statute applicable to registered land.[4]

We agree with the judge of the Land Court that the underlying Superior Court action is not one to which the lis pendens statute applies. In *Siegemund* v. *Building Commr. of Boston,* 263 Mass. 212, 214-215 (1928), the Supreme Judicial Court held that a petition for mandamus brought against a building commissioner to enforce zoning ordinances was not within the scope of the lis pendens statute because the petitioner was not claiming any title or interest in the real estate in question. Although the court recognized that a suit to enforce zoning regulations "may affect the rights of the owner to real estate,"

---

[4] The lis pendens statute applicable to all land in the Commonwealth other than registered land, G. L. c. 184, § 15, contains the same language.

*id.* at 215, it nevertheless held that such a proceeding was not one within the meaning of the lis pendens statute. "The action at law or suit in equity which is within the scope of the statute is one where the right or title of the parties in some particular real estate, the subject matter of the action or suit, is involved, and where the purpose of the proceedings is to determine the title and rights of the parties. It is to be assumed that the statute includes all actions and proceedings at law and in equity where title to a tract of land between parties is concerned and includes actions and proceedings to enforce a lien or encumbrance on real estate." *Siegemund* v. *Building Commr. of Boston,* 263 Mass. at 214.

In the instant case, Hurley is asserting no interest in the subject property or any right on the part of the trust of which he is trustee to use or occupy it. It is true that the subdivision control litigation may have a significant practical effect on the way in which the present owner or any subsequent owner of the property may use it. However, we do not think there is any meaningful distinction, for purposes of the lis pendens statute, between a suit to enforce the zoning law and a suit to enforce the Subdivision Control Law. Thus, in our view, the *Siegemund* case is dispositive.

On appeal, Hurley takes the position that, notwithstanding *Siegemund,* this case falls within the language and policy of the lis pendens statute. He relies on the fact that the words "use and occupation" in the statute were not specifically addressed in *Siegemund.* We think it farfetched to suggest, however, that the court overlooked those words and would have decided differently had its attention been particularly focussed on them. The Land Court judge in the present case did give particular attention to this language. Discussing the use of the phrase "use and occupation" as a legal term of art in a number of different contexts, he concluded that the words in the statute could be understood as meaning "a possessory interest in land." Hurley's position is that the judge's construction of the term is too narrow. We need not decide in this case whether the Land Court judge was correct that "use and occupation" was used in the statute as a term of art with a restricted meaning, or

whether, on the other hand, it was used in some broader sense of use and occupation, as those words are commonly understood. This is because in order for one to take advantage of the lis pendens statute, he must be asserting in a judicial proceeding a claim on his own behalf of some interest in the real estate or some right to use and occupy it. That was not the thrust of Hurley's claim in the underlying subdivision control litigation.

Hurley also contends that the Land Court judge's interpretation of the lis pendens statute as inapplicable to his claim in the underlying proceeding is inconsistent with the fundamental purpose of the lis pendens statute, which is to provide notice to prospective purchasers of litigation affecting the property in which they are interested. *Debral Realty, Inc.* v. *DiChiara,* 383 Mass. 559, 561-562 (1981). Under the traditional common law rule, everyone was deemed to have constructive notice of a pending lawsuit involving real property. "By putting anyone interested in real estate that is in dispute on notice of the dispute, the statute ensures that a prospective third-party transferee can, with the exercise of reasonable prudence, acquire information relevant to a decision whether to consummate the transaction." *Id.* at 561-562. The existence of subdivision control litigation affecting particular real estate would certainly be relevant information for a prospective purchaser. The appeals provision of the subdivision control statute, G. L. c. 41, § 81BB, however, provides for notice of such litigation to the public at large by requiring the filing of notice with the town clerk of any appeal from a subdivision approval. See *Selectmen of Pembroke* v. *R. & P. Realty Corp.,* 348 Mass. 120, 125 (1964); *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket,* 5 Mass. App. Ct. 206, 209, 212-213 (1977). That form of notice is not inadequate. Nothing in the *Debral Realty* case, therefore, requires that the lis pendens statute be extended to include subdivision control litigation.

Hurley makes the further contention that he is entitled to the protection of the lis pendens statute because the subject property is registered land. Under G. L. c. 185, § 46, a bona fide purchaser for value of registered land holds it "free from

all encumbrances except those noted on the certificate" and certain other specified exceptions. One of the exceptions in § 46 is for "claims or rights arising or existing under the . . . statutes of this commonwealth which are not by law required to appear of record in the registry of deeds in order to be valid against subsequent purchasers. . . ." Following *Siegemund,* we have reasoned that Hurley's claim does not "affect . . . title . . . or the use and occupation" of land and is not, therefore, within G. L. c. 185, § 86, requiring recording in the registry of deeds. The validity of the claim against subsequent purchasers, therefore, does not depend upon whether it was recorded in the registry of deeds. Thus, even if the claim Hurley asserts is an "encumbrance," which we doubt, it falls within an exception in § 46. The fact that the subject property is registered land, therefore, is of no consequence in this case.

Hurley expresses a concern, nevertheless, that without the lis pendens protection, his subdivision control litigation may turn out to be futile because, before the underlying case is finally concluded, the property may be developed in accordance with the challenged subdivision plan. We note, however, that G. L. c. 41, § 81Y, bars the issuance of a building permit for a subdivision lot unless the access way required by the subdivision control statute is shown on a plan which is recorded, or entitled to be recorded, under G. L. c. 41, § 81X. Section 81X, in relevant part, provides that no subdivision plan may be accepted for recording unless the planning board endorses that the plan has been approved under the Subdivision Control Law and the city or town clerk issues a certificate that no appeal of the approval was taken, or, if, as here, an appeal was taken, that a final judgment sustaining the plan was entered. Construing §§ 81X and 81Y together, we question whether any official would have the authority to issue a building permit for this subdivision until entry of final judgment in favor of the defendants in the underlying case, at which time a plan showing access ways to the subdivision lots would first be eligible for recording. See generally, Marzelli, Massachusetts Real Estate § 4.1 (1983). Hurley would also be entitled to a

hearing in the Superior Court on a request for a preliminary injunction prohibiting development in accordance with the challenged subdivision plan. A court faced with such a request would be in a position to weigh the merits of the claimant's case in light of all the equities and to consider imposing a bond requirement to protect the interests of the respective parties. Mass.R.Civ.P. 65(c), 365 Mass. 833 (1974). See also the fourth paragraph of G. L. c. 41, § 81BB, inserted by St. 1985, c. 492, § 2.[5] The lis pendens procedure, on the other hand, involves no such opportunity for sensitive judicial consideration while, as a practical matter, its invocation affects one's right to alienate his property. See *Sutherland* v. *Aolean Dev. Corp.,* 399 Mass. 36, 40-41 (1987).

Finally, Hurley contends on appeal that McCarthy's Land Court claim should have been dismissed because the lis pendens issue had previously been decided on the merits by the Superior Court judge in the underlying proceeding. We deal with this issue summarily and cite only one of the several reasons why Hurley is incorrect in that contention. Even if the order entered in the Superior Court allowing Hurley to file the memorandum of lis pendens was never expressly vacated by the single justice of this court who heard the matter on McCarthy's interlocutory appeal, pursuant to G. L. c. 231, § 118, it was vacated implicitly when the single justice ordered that the Land Court judge, without considering the action of the Superior Court, rule on the merits of the request that the memorandum of lis pendens be struck.

*Judgment affirmed.*

---

[5] The parties also have the right under G. L. c. 41, § 81BB, to have the subdivision control appeal advanced for a speedy trial.