ERIC H. KILLORIN & others,[1] trustees,[2] vs. ZONING BOARD OF
APPEALS OF ANDOVER & another[3] (and a consolidated case[4]).

No. 10-P-1665.

Essex. May 5, 2011. - October 14, 2011.

Present: CYPHER, BROWN, & HANLON, JJ.

*Zoning,* Special permit, Modification of special permit by judge, Conditions.

This court concluded that G. L. c. 184, § 23, which generally limits condi-
tions or restrictions on the title or use of real property to a term of thirty
years, did not apply to conditions or restrictions set by a government
agency such as a local zoning board of appeals as part of the process of
granting a special permit. [657-660]
In an appeal from a civil action challenging decisions by the defendant zoning
board of appeals (board), denying the plaintiffs' requests to modify or
remove certain restrictions imposed in a 1940 decision of the board grant-
ing a special permit, this court could not say with confidence or assurance
that the board abused its considerable discretion in denying a request to
change long-standing restrictions imposed as part of an earlier approval for
zoning relief. [660]

CIVIL ACTIONS commenced in the Superior Court Department
on November 21, 2007, and April 9, 2008.

After consolidation, the case was heard by *Mitchell H. Kaplan,*
J.

*Thomas P. Smith* for the plaintiffs.

*Thomas J. Urbelis* for the defendants.

HANLON, J. The plaintiff trustees of the Geneva H. Killorin
1992 Trust (trust) appeal pursuant to G. L. c. 40A, § 17, from a
judgment of the Superior Court, affirming two decisions of the
Andover zoning board of appeals (board), each denying their

---

[1]Thomas F. Caffrey and Walter W. Topham.
[2]Of the Geneva H. Killorin 1992 Trust.
[3]Town of Andover.
[4]The consolidated case involves the same parties.

requests to modify or remove certain restrictions imposed in a 1940 decision of the board granting a special permit. The trustees principally contend that the restrictions are no longer in effect by operation of G. L. c. 184, § 23.[5] We conclude that the provisions of the statute do not apply to conditions or restrictions imposed incident to zoning relief granted by special permit under G. L. c. 40A, § 9. We also discern no error in the judge's determination that the board acted within its authority under G. L. c. 40A in denying the plaintiff's request. We accordingly affirm the judgment.

*Background.* In 1891, a colonial revival style "mansion" was built on a parcel located in what is now the Central Street National Register Historic District in Andover. Lot 1, the 51,311 square foot lot in question, was created when a larger parcel containing the mansion was subdivided pursuant to a special permit issued by the board in 1940. The special permit allowed the parcel to be subdivided into six lots, and permitted the large colonial house on lot 1 to be converted into an eight-apartment structure — a use that otherwise would have been in violation of Andover zoning by-laws.[6] However, the special permit was granted with the condition that "so long as said apartment house shall be maintained on said lot, [that lot] shall not be further subdivided and shall contain only the building being converted into an apartment house and no other buildings except an eight-stall garage along the rear boundary of said lot."

In 1966, Geneva Killorin acquired lot 1. Following her death, the trustees obtained ownership of the property and have attempted to sell it, so that the proceeds could be distributed to the beneficiaries of her will. As part of this effort, the trustees sought to have the board's 1940 decision modified and the

---

[5]"Conditions or restrictions, unlimited as to time, by which the title or use of real property is affected, shall be limited to the term of thirty years after the date of the deed or other instrument or the date of the probate of the will creating them, except in cases of gifts or devises for public, charitable or religious purposes. This section shall not apply to conditions or restrictions existing on July sixteenth, eighteen hundred and eighty-seven, to those contained in a deed, grant or gift of the commonwealth, or to those having the benefit of section thirty-two." G. L. c. 184, § 23, as amended by St. 1969, c. 666, § 1.

[6]The area was, and is today, zoned for single-family houses only.

restrictions on the further subdivision of lot 1 deemed inapplicable.[7]

The board has twice denied the trustees' application for modification of the 1940 decision, and the decisions were consolidated for trial. The board's first decision in 2007 expressed concerns about the historical significance and aesthetics of the lot, as well as "the integrity and character of the [single residence] zoning district and the neighborhood." The trustees then reapplied for modification of the 1940 restrictions and made some efforts to incorporate suggestions from the board into their reapplication. However, the board's 2008 decision, again denying the application, reiterated many of the same concerns that were expressed in the 2007 decision.

*Discussion.* a. *General Laws c. 184, § 23.* Though the trustees' complaint frames an appeal under G. L. c. 40A, § 17, from the board's denial of their modification requests, their principal argument is that the conditions are no longer enforceable by operation of G. L. c. 184, § 23, which, generally, limits conditions or restrictions on the title or use of real property to a term of thirty years. This case, then, presents the question whether c. 184, § 23, applies to conditions or restrictions set by a government agency, such as a zoning board of appeal, as part of the process of granting a special permit, when allowing activity that would otherwise conflict with local zoning laws.

Faced with a question of statutory interpretation, "the statutory language itself is the principal source of insight into the legislative purpose." *Commonwealth* v. *Smith*, 431 Mass. 417, 421 (2000), quoting from *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981). Here, the statute states that the "[c]onditions or restrictions . . . shall be limited to the term of thirty years after the date of the *deed or other instrument or the date of the probate of the will creating them"* (emphasis supplied); the statutory language thus strongly implies that the restrictions controlled by the statute are those created by deed, will, or

---

[7]According to the record, the only offer the trustees received was one whereby lot 1 would be subdivided into two parcels, with the apartment house remaining and a new single-family dwelling constructed on an additional lot to be carved out from lot 1.

other instrument. As the trial judge pointed out in his thoughtful decision, the restrictions at issue were *not* created by deed, other instrument, or a will. "They were established in a decision of the Board granting a special permit that enabled the owner of the Parcel to undertake a use of his property — turning the mansion into an eight unit apartment building — that would otherwise have been prohibited."[8] Examining c. 184, § 23, in context, we also observe that it appears in a chapter dedicated to the formal requirements and effects of deeds or other instruments of conveyance of real property and not to the effect of municipal regulations on the use of property.

In contrast, "[c]onditions of a variance or a special permit are subsumed in the provisions of [G. L.] c. 40A and ordinances or by-laws under which they are promulgated; they are part of the zoning law to be enforced. . . . [It was error to] characteriz[e] adherence to a variance condition as a private matter. A condition of a variance or special permit is presumed to be inserted in the public interest . . . ." *Wyman* v. *Zoning Bd. of Appeals of Grafton*, 47 Mass. App. Ct. 635, 637 (1999). We also note that in *Johnson* v. *Keith*, 368 Mass. 316, 321-322 (1975), the court held that comparable limits on restrictions contained in G. L. c. 184, §§ 26-30, were "inapplicable to the enforcement of restrictions against the owner of a condominium unit." In support of its holding, the court noted that "because restrictions in the master deed [of the condominium association] and in the by-laws may be amended by the unit owners, they resemble municipal by-laws more than private deed restrictions." That language provides additional support for the proposition that the restrictions or conditions contemplated by c. 184, § 23, are not those created pursuant to regulations under c. 40A or municipal zoning by-laws, and therefore not applicable to conditions of a special permit that are subsumed in the by-laws under which they are promulgated.

Similarly, our cases have held that litigation to enforce zon-

[8]The language of *Patterson* v. *Paul*, 448 Mass. 658, 662-663 (2007), is consistent with this view. In explaining c. 184, § 23, the court said that " '[a] "restriction on the use of land" is a right to compel the person entitled to possession of the land not to use it in specified ways.' *Labounty* v. *Vickers*, 352 Mass. 337, 347 (1967). Such a restriction may be imposed by a negative easement, an equitable servitude, or a covenant running with the land."

ing provisions is not a proceeding " 'affecting the title to land or the use and occupation thereof,' as contemplated by . . . the lis pendens statute[s]," G. L. c. 185, § 86, and G. L. c. 184, § 15. *McCarthy* v. *Hurley*, 24 Mass. App. Ct. 533, 534 & note 4 (1987). See *Siegemund* v. *Building Commr. of Boston*, 263 Mass. 212, 214-215 (1928) ("[T]he petitioner . . . was not claiming any title or interest in the real estate in question; she was not seeking to establish a lien or encumbrance on land in which she was interested; she was seeking to enforce the zoning law and to compel the building commissioner to perform his duty and enforce the provisions of the statute. Such proceedings, while they may affect the rights of the owner to real estate, are not within the meaning of the lis pendens statute").

The cases cited by the plaintiff are distinguishable. Each involves a situation where the restrictions held by a public body were part of an agreement between parties, one of whom was the government, and not restrictions imposed by a zoning board of appeals as a condition to granting a special permit. See *Boston* v. *Roxbury Action Program, Inc.*, 68 Mass. App. Ct. 468, 470 (2007) (restrictions were created "pursuant to a contract between [the defendant] and the city of Boston").

In *Murphy* v. *Planning Bd. of Hopkinton*, 70 Mass. App. Ct. 385 (2007), the restrictions at issue "came into being . . . [when the property owner] and the town, acting through the [town's planning] board, . . . entered into a written agreement (agreement) in which the parties memorialized the aforesaid conditions and provided for the endorsement of the ANR [approval not required] plan. Both the ANR plan and the agreement were recorded together the following day." *Id.* at 386 (footnote omitted). While we said that "restrictions *held by* any governmental body are . . . subject to the thirty-year limitation imposed by [G. L. c. 184,] § 23 (unless eligible for exemption on other grounds)," *id.* at 395-396 (emphasis supplied), we specifically noted that we "voice[d] no view whether the subject restrictions [in that case were] exempt from the thirty-year limitation imposed by § 23." *Id.* at 396 n.10. The holding in *Murphy*, therefore, does not assist the plaintiff here, and the trustees have brought to our attention no case that equated restrictions, as the term is used in § 23, with conditions accompanying the grant of a special permit or a variance.

Finally, it would be anomalous and unjust if the trustees were permitted to retain the benefit of the special permit that their predecessors received in 1940, that is, permission to maintain an apartment building in a single-family historic district, while discarding the accompanying conditions the board has deemed necessary for the public interest or benefit of the town.

b. *General Laws c. 40A, § 17.* The trustees' remaining argument is that the board exceeded the scope of its authority when it denied their petition to modify the 1940 decision of the board. The board's decision "cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary." *Davis* v. *Zoning Bd. of Chatham*, 52 Mass. App. Ct. 349, 355 (2001), quoting from *Roberts* v. *Southwestern Bell Mobile Sys., Inc.*, 429 Mass. 478, 486 (1999). After careful review, we cannot say with confidence or assurance that the board abused its considerable discretion when it denied a request to change long-standing restrictions imposed as part of an earlier approval for zoning relief.

*Judgment affirmed.*