The Kennedys do not argue that the board lacked authority to impose the 1975 conditions, and in any event, the time for challenging those conditions has long since passed. Murphy v. Planning Bd. of Hopkinton, 70 Mass. App. Ct. 385, 388-389 (2007). Instead, the Kennedys argue that the conditions expired in 2005 “by operation of G. L. c. 184, § 23, which, generally, limits conditions or restrictions on the title or use of real property to a term of thirty years.” Killorin v. Zoning Bd. of Appeals of Andover, 80 Mass. App. Ct. 655, 657 (2011). We agree with the judge’s conclusion that the conditions imposed here are not subject to that statute. See id. at 657-660. To be sure, as the Kennedys highlight, Killorin involved a condition imposed by a zoning board of appeals in a special permit issued pursuant to G. L. c. 40A, § 9, while the condition here was *844 imposed by a planning board as part of a subdivision approval issued pursuant to G. L. c. 41, § 81U. However, we disagree with the Kennedys that this distinction matters for present purposes. The holding of Killorin does not turn on the identity of the local board or on the particular nature of the regulatory decision at issue. Rather, the key distinction we drew there was between land use restrictions “created by deed, other instrument, or a will,” and land use restrictions imposed as a condition to the discretionary grant of regulatory approval under the police power.[5] Id. at 658-659.
John P. McCormick for Thomas R. Kennedy & another.
Janet Steckel Lundberg for the plaintiffs.
The fact that the condition imposed by the board in 1975 did not automatically expire in 2005 does not necessarily mean the Kennedys lack any potential recourse. Subdivision approvals are not permanently etched in stone, but can be modified in accordance with the provisions of G. L. c. 41, § 81W. Some claim can be made that that is in fact what the board did here,[6] and the Kennedys now argue that the board’s decision should be analyzed and upheld on that basis. However, our review of the summary judgment record reveals that the Kennedys never raised such an argument to the judge below. Moreover, despite the fact that the judge repeatedly stated that the Kennedys never requested a modification of the 1975 approval pursuant to § 81W, and that the board never treated their request as such, the Kennedys made no argument in their opening appellate brief that the judge erred in this regard. Instead, they raised the § 81W issue for the first time in their reply brief. Accordingly, even had the Kennedys raised the issue below, that argument was waived. See Henderson v. Commissioners of Barnstable County, 49 Mass. App. Ct. 455, 459 (2000) (“[ijssues raised for the first time in a reply brief are not properly before us”).[7]

Judgment affirmed.

The Kennedys argue that this case is analogous to Murphy v. Planning Bd. of Hopkinton, supra at 386, which involved a condition that a planning board had included in its endorsement of an “approval not required” subdivision plan pursuant to G. L. c. 41, § 8 IP. However, in Murphy, we expressly declined to reach the question whether such a condition would be subject to the thirty-year limitation set forth in G. L. c. 184, § 23. See id. at 396 n.10. We also have no occasion to reach that question in the current appeal.

As the judge noted, although the board’s 2010 approval “makes no reference to the 1975 Plan (or any other plan) to be modified, and makes no reference to the 1975 Conditions,” it nevertheless was entitled “Modification to a Definitive Subdivision Plan.”

Because the issue is not properly before us, we express no view on whether the 1975 approval could be modified absent the consent of all of the owners of the original six lots. Compare Patelle v. Planning Bd. of Woburn, 20 Mass. App. Ct. 279, 280-283 (1985), with Matthews v. Planning Bd. of Brewster, 72 Mass. App. Ct. 456, 464 n.9 (2008).