INDEPENDENT-PROGRESSIVE PARTY & others *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk.   January 2, 1929. — January 14, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Supreme Judicial Court*, Moot question.   *Elections.   Secretary of the Commonwealth.   Public Officer.   Equity Pleading and Practice*, Parties. *Evidence*, Matter of common knowledge, Presumptions and burden of proof.

On October 15, 1928, a bill in equity was filed in the Supreme Judicial Court against the Secretary of the Commonwealth, containing allegations that a certain alleged political party had nominated candidates for the office of presidential elector; that demand made upon the defendant for certificates of nomination had been refused; and that relief had been denied after hearing by the State ballot law commission.   The plaintiff sought relief with reference to the issuance of such certificates of nomination, the printing of the names of the nominees upon the official ballot to be used in the presidential election to be held on November 6, 1928; and sought to have the defendant enjoined from laying before the Governor and Council copies of the records of the votes cast at such election for presidential electors, and from calling to order or presiding over any meeting of persons claiming to have been elected as presidential electors.   After the hearing of the suit by a single justice, a final decree was entered dismissing the bill, from which the plaintiff appealed on October 25, 1928, also presenting a bill of exceptions allowed on December 6, 1928.   The appeal and exceptions were entered in the full court on December 18, 1928, and submitted for consideration on January 2, 1929, which was the day appointed by law when those persons declared elected as presidential electors were required to meet to vote for president and vice-president.   *Held*, that

(1) It was a matter of common knowledge that the election of presidential electors was held on November 6, 1928; that the defendant must have performed his duties preliminary thereto with respect to certificates of nomination and the printing and distribution of ballots; and that the ballots had been counted and an official declaration of the result of the election made;

(2) It must be presumed that the defendant had complied with the requirements laid upon him by law as to such election;

(3) It therefore being impossible to grant the relief sought by the plaintiff with reference to certificates of nomination, ballots, and the laying before the Governor and Council of the results of the election, the question, whether such relief should be granted, had become moot and could not be considered;

(4) Even if it were proper to restrain the defendant from performing his duties with reference to the meeting of presidential electors on January 2, 1929, which was not decided, the full court was not afforded sufficient time to decide that question and to grant suitable relief; and therefore that question also had become moot;

(5) That question could not be considered for the additional reason that those persons who had been declared chosen as presidential electors were not parties to the suit;

(6) The final decree was affirmed and the exceptions were overruled.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 15, 1928, and afterwards amended, and described in the opinion.

The suit was heard by *Sanderson*, J., upon an agreed statement of facts, material portions of which are stated in the opinion. By order of the single justice, there were entered on October 24, 1928, an interlocutory decree denying certain requests for rulings by the plaintiffs, and a final decree dismissing the bill. The plaintiffs filed appeals from such decrees on October 25, 1928, and also, on November 8, 1928, filed a bill of exceptions, which was allowed on December 6, 1928.

The case was submitted on briefs.

*C. Reno*, for the plaintiffs.

*J. E. Warner*, Attorney General, & *F. D. Putnam*, Assistant Attorney General, for the defendant.

RUGG, C.J. This bill was filed on October 15, 1928. Those named as plaintiffs are Independent-Progressive Party, American Home Progressive Party and four individuals "for themselves and all others having like rights and interests." Without reciting the allegations in the

bill at length, it is enough to say that it sets out that a "mass National Convention" of one of the political parties named as plaintiffs was held on September 29, 1928, pursuant to call at which were nominated candidates for president and vice-president, and that two of the plaintiffs have consented to serve as presidential electors at large; that demand made on the defendant for certificates of nomination for presidential electors was refused and that relief sought from the State ballot law commission was denied after hearing. The basic allegations of the bill are that the statutes of this Commonwealth respecting the selection of candidates for presidential electors and the placing of their names on the official ballot deny to the plaintiffs the equal protection of the laws, are discriminatory and arbitrary, provide unconstitutional classifications, and deprive the plaintiffs of liberty or property, rights and privileges contrary to the Twelfth and Fourteenth Amendments to the Constitution of the United States. There are no allegations that the defendant has not complied with all provisions of the statutes of the Commonwealth. The prayers in substance are that the defendant (1) be ordered to issue certificates of nomination for presidential electors of the two alleged parties, (2) be ordered to print the names of the presidential electors of said parties on the official ballot for the then approaching election, (3) be restrained from sending out ballots which do not contain the names of the two named plaintiffs as presidential electors, (4) be restrained from laying before the Governor and Council copies of the records of votes cast for presidential electors at the approaching election, and (5) be restrained from calling to order any meeting of persons claiming to be chosen as presidential electors at the November election, from calling the roll of such electors, and from presiding over such meeting.

The case was submitted to a single justice of this court upon a statement of agreed facts, in substance, to the effect that the convention alleged in the bill was not composed of delegates elected, chosen or appointed in any manner whatever, but that sundry persons assembled at a hotel in Springfield pursuant to a call, issued by the plaintiff

Reno and others, inviting the public to attend. "It is uncertain as to the number of people who attended that meeting. It varied from time to time; some would come in and some would go out. The plaintiff Reno was there and certain of his friends. Neither the plaintiff Reno nor any others of the plaintiffs have made any attempt to conform to any provision of the Massachusetts statutes relative to the appointment or selection of presidential electors. It is conceded on behalf of the plaintiffs that neither the Independent-Progressive Party nor the American Home Progressive Party was qualified under the Massachusetts statutes to hold a convention; that the party had not at the three biennial State elections prior to 1928 polled enough votes for Governor to entitle them to a place on the ballot under the Massachusetts statutes, as the statutes require; that none of the plaintiffs chose to avail themselves of the provision to nominate presidential electors by means of nomination papers bearing one thousand signatures of duly qualified voters, and no such nomination papers were prepared, presented or filed with the Secretary of the Commonwealth. The two alleged parties and the individual plaintiffs have made no attempt to comply with any statute of Massachusetts relative to the nomination and election of presidential electors, for securing the placing of the names of such electors on the ballot at the forthcoming election."

It is manifest that most of the questions attempted to be raised by the plaintiffs have become moot. Ascertainment of candidates for presidential electors has been made. The election for voting upon candidates for presidential electors in this Commonwealth was held on November 6, 1928. All the preliminary duties as to certificates of nomination, printing and distribution of the official ballots necessarily must have been performed by the defendant. The ballots have been counted and an official declaration of the result thereof made. These are matters of common knowledge. It is to be presumed that the requirements of the statutes as to the holding of the election have been observed by the public officers charged with the conduct of the election. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50, and

cases cited. *Patterson* v. *Pendexter*, 259 Mass. 490, 494. *Slack* v. *Inspector of Buildings of Wellesley*, 262 Mass. 404, 406, 407. No allegation is made to the contrary. No argument has been addressed to us that the defendant has not complied with all provisions of the statutes. It is therefore impossible to grant the plaintiffs any effective relief with respect to the election of 1928.

It is settled that courts sit not for the determination of speculative or declaratory questions but only for the settlement of live rights actually controverted in particular cases. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546. *Swig* v. *State Ballot Law Commission*, 265 Mass. 19. *Atherton Mills* v. *Johnston*, 259 U. S. 13, 15, 16. *Brownlow* v. *Schwartz*, 261 U. S. 216, 218. What has been said covers the first four groups of prayers in the bill.

It remains to consider only the final prayer and questions connected therewith. This case was entered in the full court on December 18, 1928. It was submitted to the consideration of the full court on January 2, 1929. On that day, pursuant to Federal law, those declared elected as presidential electors were required to meet for the purpose of performing the duty imposed upon them in voting for president and vice-president of the United States. As matter of physical possibility there might have been compliance with the final prayer to restrain the defendant from calling that meeting to order and performing his other duties in connection therewith. The time was too short to enable us to deliberate upon the questions presented, reach a conclusion and issue appropriate mandate, even if it were thought that relief ought to be granted. What has already been said as to questions having become moot applies.

Considering that point from another aspect, that relief ought not to have been granted. Certain persons have under the provisions of the statutes been declared chosen as presidential electors by the voters of the Commonwealth. Those persons were not and are not parties to this litigation. Their rights to the office of presidential electors could not be tried in this proceeding. It would be manifestly unjust to deal with this branch of the case and to grant the relief

sought without making the persons so declared elected to the office of presidential electors, parties, and giving them an opportunity to be heard.   Title to political office cannot be impeached collaterally.   It must be attacked directly. *Sevigny* v. *Lizotte,* 260 Mass. 296, and cases there collected. See also *Sevigny* v. *Russell,* 260 Mass. 294.

Further discussion is unnecessary.   The several requests for rulings of law are immaterial in view of the ground on which this decision rests, and without intimation that there was error in the denial of any of them they need not be reviewed one by one.

*Exceptions overruled.*
*Final and interlocutory decrees affirmed.*