EDMOND P. TALBOT *vs.* BOARD OF REGISTRARS OF VOTERS OF SOMERSET & another.

Bristol.   December 15, 1932. — December 22, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Elections,* Cancelling mechanism. *Evidence,* Relevancy.

*Swift* v. *Registrars of Voters of Quincy, ante,* 271, followed.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Bristol on November 30, 1932, and afterwards amended, described in the opinion.

Patrick H. Dupuis was permitted to intervene as a respondent. The petition was heard by *Donahue,* J., on an agreed statement of facts. Material facts are stated in the opinion. The single justice reserved and reported the case for determination by the full court.

*J. T. Farrell,* for the petitioner.

*E. T. Murphy,* (*F. L. Hanson* with him,) for the respondents.

*T. F. O'Brien,* for the intervening respondent.

RUGG, C.J. This petition for a writ of mandamus relates to the recount of ballots cast in the town of Somerset for sheriff of the county of Bristol at the State election held on November 8, 1932. The case was reserved by the single justice without decision upon an agreed statement of facts for determination by this court. The relevant facts are these: State ballot boxes used at the election in the three precincts of Somerset were inspected by the town clerk on the day previous to the election. He then inked the pads in the cancelling device inside the ballot boxes and passed blank paper through the ballot boxes and found that they were in proper working order. The cancelling device is so arranged that it marks the ballots as deposited on one side only, and that if two ballots, one on top of the other, were deposited at the same time, the cancellation mark would appear only on the reverse side of one of the ballots; there was no evidence that any ballots were so cast. The counting device on the ballot boxes registered in exact accordance with the ballots cast as shown by the count. The State ballot boxes were used through the election and there was no record of resort to another manner of voting as permitted by G. L. (Ter. Ed.) c. 54, § 66, when it becomes impossible to use the State ballot box. During the recount it appeared that certain ballots bore no cancellation mark. All such ballots were counted and returns made accordingly. All such ballots were cast in the ballot boxes at the election and no ballots not so deposited were counted. The number of such uncancelled ballots does not appear further than that the number in Somerset together with similarly uncancelled ballots cast in other voting places in the county would affect the result of the election for sheriff. The prayer is that the respondents be commanded not to count the uncancelled ballots, to alter and amend their return accordingly, and that the town clerk amend his records to conform to such changed returns.

In the agreed statement of facts is the clause that they "are agreed to so far as admissible and relevant under the pleadings." The facts already narrated are relevant to the inquiry here presented whether the action of the respond-

ents was in conformity to law. *Parrott* v. *Plunkett,* 268 Mass. 202, and cases reviewed. *Flanders* v. *Roberts,* 182 Mass. 524. *O'Connell* v. *Mathews,* 177 Mass. 518. *Keough* v. *Aldermen of Holyoke,* 156 Mass. 403. *Clark* v. *Board of Examiners,* 126 Mass. 282.

The only permissible inference from the agreed facts, in the light of the many minute provisions of G. L. (Ter. Ed.) c. 54, as to the preparation and distribution of official ballots, the conduct of election officers representing equally the two major political parties, and the use and operation of the State ballot box, is that the mechanism in the interior of the ballot boxes failed to stamp its cancellation on certain ballots duly cast therein. While the agreed facts in the case at bar are not quite so explicit as to the mechanism of the ballot box and the impossibility of external observation of defective operation of its cancelling device during the election, as in the case of *Swift* v. *Registrars of Voters of Quincy, ante,* 271, it must be assumed in view of the requirement that all ballot boxes must be provided by the Secretary of the Commonwealth at public expense, G. L. (Ter. Ed.) c. 54, § 26, that those in use in Somerset were the same in design and type as those there described. It is to be presumed in the absence of anything indicating the contrary that all the public officers concerned in the election acted with honest purpose and in conformity to law. *Independent-Progressive Party* v. *Secretary of the Commonwealth,* 266 Mass. 18. It follows that the case at bar is governed by *Swift* v. *Registrars of Voters of Quincy, ante,* 271, and that there was no error in counting the uncancelled ballots.

The counsel for the petitioner has cited in his brief a large number of decisions from other jurisdictions having an appearance of being more or less at variance with this conclusion. Many of the statutes under consideration in those cases contained an express provision that ballots lacking in some requirement "shall be void and shall not be counted." Such language is stronger than the words of § 106 of G. L. (Ter. Ed.) c. 54. All the decisions in other jurisdictions were rendered under statutes differing in

greater or less degree from G. L. (Ter. Ed.) c. 54. It would serve no useful purpose to review and analyze those authorities and to distinguish or disagree with them. They have all been examined and considered.

*Petition dismissed.*