GEORGE CRONIN & others *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk. November 4, 1937. — January 17, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Supreme Judicial Court,* Moot question.

The decision in *Prescott* v. *Secretary of the Commonwealth, ante,* 191, that St. 1937, c. 384, had taken effect without suspension rendered moot questions of law presented to this court as to the sufficiency of a petition for a referendum on the law.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on September 9, 1937, for a writ of mandamus.

The facts having been agreed to, *Pierce,* J., reported the case to the full court for determination.

*W. C. Giles,* (*C. F. Gadsby* with him,) for the petitioners.

*J. J. Ronan,* Assistant Attorney General, for the respondent.

*R. S. Wilkins,* for the interveners.

FIELD, J. This is a petition brought by citizens who are taxpayers and duly qualified registered voters in the cities and towns in which they reside against the Secretary of the Commonwealth for a writ of mandamus, commanding the respondent to refrain from submitting St. 1937, c. 384, to the people and from causing any question relating to the same to be printed on the ballots at the State election of November 8, 1938. The petitioners in the case of *Prescott* v. *Secretary of the Commonwealth, ante,* 191, were permitted to intervene as parties respondent. The case was heard

by a single justice of this court on the pleadings and an agreed statement of facts. He found the facts to be as stated and reported the questions of law arising on the pleadings and the agreed statement of facts, without decision, for the determination of the full court.

The petitioners contend that the petition for referendum and suspension of the operation of St. 1937, c. 384, involved in the case of *Prescott* v. *Secretary of the Commonwealth*, does not comply with constitutional requirements relating to the residences of the signers appearing thereon and to the description of the proposed law. See Amendments to the Constitution of the Commonwealth, art. 48, The Referendum, III, § 3. Since, however, according to the decision in that case, the statute has taken effect without suspension, this case has become moot and this petition for a writ of mandamus must be dismissed. See *Mount Washington* v. *Cook*, 288 Mass. 67, 71; *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546; *Independent-Progressive Party* v. *Secretary of the Commonwealth*, 266 Mass. 18, 22.

*So ordered.*