ALPHONSO CRISCUOLO *vs.* DEPARTMENT OF PUBLIC UTILITIES & another.

Suffolk. November 29, 1938. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Jurisdiction,* To enjoin revocation of permit, To enjoin action under void statute, To enjoin action by public officer. *Equity Pleading and Practice,* Bill.

A contention, by a carrier in interstate commerce in this Commonwealth having a permit issued by the department of public utilities, that a statute under which the department sought to revoke his permit was void as interfering with interstate commerce, constituted no ground

for the maintenance of a suit in equity which sought merely to enjoin the department from enforcing the revocation.

A suit in equity could not be maintained to enjoin the department of public utilities from enforcing a revocation of a permit granted to the plaintiff to operate as a carrier in this Commonwealth on the ground that the revocation was ordered in an irregular manner: the proper remedy was by certiorari or mandamus.

General averments in a bill in equity that a public board acted "arbitrarily, whimsically and capriciously" were adjudged on demurrer to be insufficient averments of fact.

BILL IN EQUITY, filed in the Superior Court on January 24, 1938, and afterwards amended.

A demurrer was overruled by *Hanify*, J., who then reported the case to this court.

The case was submitted on briefs.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the defendants.

*M. E. Gallagher, Jr.*, for the plaintiff.

QUA, J. The material allegations of fact in the bill are in substance these: The plaintiff is doing business exclusively in the hauling of fresh fish for hire in interstate commerce between this Commonwealth and points in Connecticut and New York. The defendants are the commissioners of the department of public utilities and "a director of the commercial motor vehicles division" of that department. The commissioners have made an order directing the revocation of the plaintiff's permit to operate on the ways of the Commonwealth as an interstate contract carrier (G. L. [Ter. Ed.] c. 159B, §§ 4, 5, 6, 7, as inserted by St. 1934, c. 264, § 1, and as amended in said §§ 6 and 7 by St. 1936, c. 345, §§ 2 and 3. See now c. 159B as revised by St. 1938, c. 483). The order "has not yet been carried out," but if carried out it will interfere with interstate commerce. There "has not been any evidence" that the plaintiff was not "fit, able and willing to transport property for hire," or that "his operation would in any way endanger the safety and welfare of the citizens." The commissioners' order "is posited on the assumption . . . that the Federal Motor Carrier Act of 1935 [U. S. C. Sup. V, Title 49, c. 8] does not encompass, within its jurisdiction, operators en-

gaged in the transportation of fish in interstate commerce." The commissioners assumed that they might "restrain competition with 'reputable' operators as an exercise of the police power reserved to the several states." The commissioners "acted arbitrarily, whimsically and capriciously." A valuable business and property right of the plaintiff is endangered. The prayers are for injunctive and general relief.

In our opinion the demurrer should have been sustained.

It is true that a bill in equity will lie to restrain public officers from inflicting damage upon the business or other property of a plaintiff under color of a statute or ordinance which is unconstitutional or otherwise void and so can afford no protection. *Moneyweight Scale Co.* v. *McBride,* 199 Mass. 503, 505–506. *Greene* v. *Mayor of Fitchburg,* 219 Mass. 121, 127. *Shuman* v. *Gilbert,* 229 Mass. 225, 227. *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279, 283. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 278. So it has been held that equity will enjoin the enforcement of burdensome State restrictions upon interstate commerce. *Western Union Telegraph Co.* v. *Andrews,* 216 U. S. 165. See *Terrace* v. *Thompson,* 263 U. S. 197, 214.

The plaintiff contends that this case falls within the principle just stated on the ground that if the State law is construed as applying to "contract carriers" engaged exclusively in interstate commerce it encroaches upon the Federal control of that commerce and comes into conflict with the Federal Motor Carrier Act, which it is contended covers the entire field, so that the commissioners were wholly without authority to deal with the subject of revocation of the permit.

We assume in the plaintiff's favor that the bill is to be construed as indicating that something still remains to be done before the process of revocation is complete. But we think that the plaintiff's position will not stand logical analysis. There is no allegation whatever of any contemplated or probable interference by the defendants or others with the plaintiff's business beyond the bare revo-

cation of the permit. If, as the plaintiff contends, the power to revoke permits is withdrawn from the State, so also is the power to grant them in the first instance and to continue them in force as effective instruments. The revocation of these permits is not a field of activity separate and apart from the granting of them. The plaintiff is asking the court to ascribe value and efficacy to the State law for the purpose of preserving to him what he calls his permit and at the same time to declare the revocation provisions of that law inoperative. He seeks to prevent the so called revocation of a permit which upon his own theory was of necessity a futility from the beginning, which he does not need in order to continue his business, and of which, so far as appears, the deprivation will do him no harm. If the plaintiff is right as to the limited scope of the State law, he does not make out a case for equitable relief. If he is wrong, the commissioners clearly had the power to revoke his permit under G. L. (Ter. Ed.) c. 159B, § 7, as amended by St. 1936, c. 345, § 3, for the causes therein set forth. See now c. 159B as revised by St. 1938, c. 483. The plaintiff cannot escape from the dilemma. See *Hart* v. *Folsom,* 70 N. H. 213, 217; *Coffman* v. *Ousterhous,* 40 N. D. 390, 402; *Hurley* v. *Commission of Fisheries,* 257 U. S. 223. Compare *Thompson* v. *Consolidated Gas Utilities Corp.* 300 U. S. 55, 81.

We need not determine the extent to which the Federal Motor Carrier Act superseded the local law. But see the exception of vehicles used in carrying livestock, fish and agricultural commodities contained in U. S. C. Sup. V, Title 49, § 303 (b) (6).

We have dealt with the only points argued by the plaintiff. If it be suggested that a cause of action might possibly rest upon the allegations of the bill which do not directly relate to the boundary between Federal and State authority, such as those setting up the absence of evidence and those stating that the commissioners "assumed" that they might restrain competition with reputable operators, and that they acted "arbitrarily, whimsically and capriciously," one answer is that those allegations relate only to

the manner in which the commissioners performed their designated functions under the State law, and for errors in such performance the proper remedy is by certiorari or in some instances by mandamus. *Moneyweight Scale Co.* v. *McBride,* 199 Mass. 503, 505. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 279. "It is the general rule that courts of equity will not interfere to decide questions which have been committed by law to the determination of public officers." *Mullholland* v. *State Racing Commission,* 295 Mass. 286, 291–292. Moreover there are no allegations which squarely negative due proof before the commissioners of the causes for which a permit might be revoked as set forth in G. L. (Ter. Ed.) c. 159B, § 7, as that section stood before the 1938 revision, and general allegations of arbitrary, whimsical and capricious conduct are not enough. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 281. *Arena* v. *Erler,* 300 Mass. 144, 146.

The order overruling the demurrer is reversed, and a decree is to be entered sustaining the demurrer.

*Ordered accordingly.*