JAMES F. MURPHY *vs.* DIRECTOR OF CIVIL SERVICE.

Suffolk.    October 8, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Equity Jurisdiction,* To enjoin action by public officer. *Civil Service. Public Officer.*

Irrespective of irreparable injury to the plaintiff, a suit in equity could not be maintained by a veteran to enjoin the director of civil service from performing his statutory duty of establishing a list of eligibles for promotion in a municipal police department until the civil service

commission should have made a rule as to preference to veterans in promotion in compliance with G. L. (Ter. Ed.) c. 31, § 3, cl. 1 (g), as appearing in St. 1945, c. 702, providing for the making of such a rule.

BILL IN EQUITY, filed in the Superior Court on March 1, 1948.

The suit was heard on demurrer by *Donahue*, J.

*W. J. McCluskey*, for the plaintiff.

*R. Clapp*, Assistant Attorney General, for the defendant.

WILLIAMS, J.   The plaintiff has appealed from decrees, entered by order of a judge of the Superior Court, sustaining a demurrer to the plaintiff's bill in equity and dismissing the bill.   The bill seeks to enjoin the defendant from establishing a list of eligibles for promotion to the position of sergeant in the police department of the city of Cambridge until the civil service commission has established a rule providing for preference in promotion to veterans.   It is alleged that the plaintiff took an examination for promotion on July 29, 1947; that he is a veteran; that he has requested the civil service commission to make a rule providing for preference to veterans in promotion as provided by G. L. (Ter. Ed.) c. 31, § 3, cl. 1 (g), as appearing in St. 1945, c. 702; that the commission has neglected and refused to do so; that he has filed a petition for a writ of mandamus against the said civil service commission to compel the commission to comply with the aforesaid statute; and that he will be irreparably damaged if a list of eligibles is established before a rule is established.   The defendant's demurrer avers generally that the plaintiff is entitled to no relief in equity against the defendant.

The director is a public officer with duties specifically imposed by the Legislature in G. L. (Ter. Ed.) c. 13 and c. 31.   Having conducted an examination to establish a list of eligibles for the promotion in question, he is required to establish such a list and, upon requisition, to certify the names of the persons eligible to the proper appointing authorities.   G. L. (Ter. Ed.) c. 31, § 2A (g), as appearing in St. 1945, c. 725, § 2.   Unless he proposes to act under a void or unconstitutional statute, equity will not interfere to enjoin him from carrying out his duties even though

thereby the plaintiff, as is alleged, may be irreparably damaged. *Carlton* v. *Salem*, 103 Mass. 141. *Larcom* v. *Olin*, 160 Mass. 102, 110. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 278. *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 291, 292. *Criscuolo* v. *Department of Public Utilities*, 302 Mass. 438, 440.

The plaintiff makes no contention that the statutes under which the defendant derives his authority are either void or unconstitutional. His grievance relates to the failure of the civil service commissioners, over whom the director has no control, to establish a rule as contemplated by the statute. See *MacCarthy* v. *Director of Civil Service*, 319 Mass. 124, 126. Clearly the plaintiff is entitled to no relief against the director.

*Decrees affirmed.*