PUBLIC SERVICE COMMISSION OF INDIANA, ET AL. *v.*
GEO. F. ALGER COMPANY.

[No. 29,139. Filed March 25, 1954.]

*Edwin K. Steers,* Attorney General, *Arthur H. Gemmer* and *Jesse D. Wright,* Deputy Attorneys General, for appellant.

*Gilliom, Armstrong & Gilliom,* and *Louis E. Smith,* all of Indianapolis, for appellee.

DRAPER, C. J.—On October 1, 1953, the Public Service Commission of Indiana ordered the appellee to "cease and desist from conducting or in any manner engaging in the transportation of property by motor vehicle or motor vehicles in any manner whatsoever in Interstate Commerce for hire over the public highways and/or streets of the State of Indiana," during the period beginning at 12:01 a.m., October 18, 1953, and ending at 12:01 a.m. on October 25, 1953. Said order also suspended for and during said period a certain certificate

of authority issued by the defendant Commission to the plaintiff on September 16, 1943, under the provisions of the Motor Vehicle Act of the State of Indiana to operate motor vehicles as a common carrier of property in interstate commerce over certain highways within the State of Indiana designated and described in said certificate.

Thereafter and on the 15th day of October, 1953, the appellee brought its action in the court below pursuant to Burns' Stat., §47-1249, to set aside and enjoin the enforcement of that order, and on the same day a restraining order without notice was issued, by the terms of which the Commission was prohibited from enforcing or attempting to enforce its said order pending the further order of the court. That restraining order continued in effect until the 15th day of December, 1953, when, pursuant to notice and hearing, it was "made into" a temporary injunction by the terms of which the Commission was enjoined from enforcing, and from causing others to enforce said order of October 1, 1953, until the final hearing and decision of the action. This appeal is prosecuted from the issuance of the temporary injunction.

Looking to the situation as it existed at the time of the issuance of the temporary injunction, it is perfectly apparent that the force of the Commission's order of October 1, 1953, had then expired by its own terms, and there was on December 15, 1953, no existing order of the Commission by the unaided authority of which the Commission could interfere with or embarrass the appellee's operations in the state of Indiana.

It follows that the issuance of the temporary injunction was wholly unnecessary and utterly ineffectual and should, therefore, have been denied. 28 Am. Jur., "Injunctions", §8, p. 201; 43 C. J. S., "Injunctions", §29, p. 45a; Ann. Cas., 1915D, 1252; Cf. *Mullholland* v. *State Racing Commission* (1936), 295 Mass. 286, 3 N. E. 2d 773.

Reversed and remanded with instructions to vacate the temporary injunction.

Bobbitt and Flanagan, JJ., concur.

Emmert, J., concurs with opinion.

Gilkison, J., not participating.

CONCURRING OPINION

EMMERT, J.—I concur in the result and the reasoning of the opinion by Chief Justice Draper. However, we have presented by the record a matter which should not go unnoticed. The trial court issued a restraining order without notice. Section 47-1249, Burns' 1952 Replacement, grants no such right, but §54-435, Burns' 1951 Replacement, §7 of Ch. 169 of the 1929 Acts, specifically prohibits the issuance of a restraining order without notice.[1] This is a clear declaration of public policy in such matters by the General Assembly, and, in my opinion, the restraining order is void for want of jurisdiction. The legislature has said that the commission is entitled to its day in court, and the statute should be observed.

NOTE.—Reported in 118 N. E. 2d 365.

---

1. "No injunction shall issue in any such action suspending or staying any order of the commission except after notice to the commission and hearing." Section 54-435, Burns' 1951 Replacement.