**UNITED STATES of America**
v.
**Raymond Isaac ANDREWS.**
**Crim. No. 72–74.**

United States District Court,
D. Massachusetts.
April 5, 1972.
Order April 21, 1972.

---

## OPINION

WYZANSKI, District Judge.

The clerk brought to me defendant's motion to dismiss the indictment accompanied by a brief but with no request for oral argument. The attack is on the exclusion from grand jury eligibles of all "paupers". The facts not being disputable and the legal issues plain, this court proceeds in the manner familiar to most appellate and many trial courts.

Defendant is an economically necessitous person as shown by the fact that he satisfied this court that he was entitled to the appointment of counsel at public expense.

The jury selection system of this District requires that selections be made exclusively from the Massachusetts voting lists. Article III of the Amendments to the Massachusetts Constitution, Mass.G. L. c. 51 § 1, and Opinion of the Justices, 11 Pick. 538 and Crossman v. New Bedford Inst. for Savings, 160 Mass. 503, 36 N.E. 477, exclude from voting lists "paupers" who are defined so as to include a person who receives public aid or assistance and who has not attempted to the best of his ability to provide for himself and his dependents or has been a mendicant. There is no reason to believe that Massachusetts authorities who have prepared voting lists have flouted the Constitutional, statutory, and judicial directions with respect to the exclusion of re-

cipients of welfare. Independent-Progressive Party v. Secretary, 266 Mass. 18, 21, 164 N.E. 654; Talbot v. Board of Registrars, 281 Mass. 284, 183 N.E. 735. Judicial notice of the jury lists used in this court since the basis of selection of jurors has been from voting lists affirmatively shows compliance by the Massachusetts voting officials with the Constitutional, statutory, and judicial mandates.

■ The court takes judicial notice that the percentage of Massachusetts voters who not only are receiving welfare assistance but who are within the excluded class is substantial by any test of number, or of percentage, or of public concern with issues presented for popular, electoral, legislative, juror or other public determination.

■ Defendant, while not shown to be currently a welfare recipient, is a recipient of public funds. Whether he personally is on the temerarious edge of greater and further dependency upon public assistance is not proved. Yet there can be no reasonable doubt that his interest is cognate to the interests of recipients of other forms of public assistance so as to make him an appropriate person to challenge on the ground that "paupers" are excluded from the composition of the grand jury which returned the indictment in this case.

■ The challenge being from an appropriate source [if, contrary to United States v. Butera, 420 F.2d 564 (1st Cir. 1970) it is necessary to show standing to challenge] and going to the validity of the indictment, this court is compelled to rule upon it. 28 U.S.C. § 1867(a).

■■ This court is satisfied that the grand jury failed to meet the standards of 28 U.S.C. § 1862 which provides that "No citizen shall be excluded from services as a grand or petit juror . . . on account of . . . economic status." See also 28 U.S.C. § 1811. See United States v. Camara, 451 F.2d 1122, 1126 (1st Cir. 1971). On that ground the indictment must be dismissed. The court pretermits the question whether the due process and equal protection clauses of the Fifth Amendment also require the dismissal of the indictment on the ground that the grand jury was not selected from a cross-section of the community.

Indictment dismissed.

## ORDER

Recognizing the need of immediate action, I yesterday allowed the motion to include matter in the record on appeal. It is appropriate for me to note that in allowing the motion I did not intend to accede to any implication that the conclusion which I drew from the jury lists was the sole basis for the order in which I dismissed the indictment.

■ I had in mind that, under the Massachusetts Constitution, statutes, and decisions, those defined by the Massachusetts Supreme Judicial Court as paupers were excluded from voting. No one could tell by any process of taking testimony in court how many so-called paupers were deterred from applying to register to vote. It may be assumed that a barrier created by Constitution, statute, and judicial decision, is formidable enough to deter many people from testing whether the barrier is valid under the United States Constitution.

■ Paupers barred either by fear, inertia, or local municipal action, are persons who have been excluded "on account of . . . economic status" in violation of the express provision in 28 U.S.C. § 1862 which provides that "NO citizen" shall be so excluded. Each intimidated pauper who failed to register for voting was, contrary to the direction of Congress, excluded from the jury pool in the United States District Court for the District of Massachusetts.

Unless an appellate court is prepared to disregard the express language and obvious intent of Congress, there seems no reason why it was necessary either to take evidence in this case beyond the evidence inevitable in judicial notice or further to delay the decision of this issue. Every delay puts at prejudice each in-

dictment in this district. Moreover, no delay has been sought in this court by an application by the United States Attorney for the District of Massachusetts to offer evidence rebutting the obvious presumption which follows from the Massachusetts Constitution, statutes, and decisions themselves.