NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1035

9 CLEMENT STREET LLC

vs.

JANAYA LOWERY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This summary process matter is before the court on the defendant tenant's appeal from an order dated May 2, 2022.  That order provided in relevant part:

"At the hearing, the Defendant provided documents indicating that she was approved for RAFT rental assistance and the RAFT administrator sent the Plaintiff the payment. Plaintiff's counsel affirmed her client received a check but will not accept the funds so as to not compromise their ability to proceed with obtaining possession. . . .

"Where the Defendant's rental assistance application is no longer pending, I find that Chapter 257 of the Acts of 2020 as extended by Chapter 42 of the Acts of 2022 no longer applies and the Plaintiff is entitled to proceed with the levy.  Further, I find Chapter 257 does not require the Plaintiff to accept rental assistance funds with conditions compromising their ability to seek possession.  See also G[. ]L. c. 239, [§] 3.[1]"

---

[1] The substance of § 2 of Chapter 257 was codified in G. L. c. 239, § 15, on August 9, 2023.

The order allowed the plaintiff landlord to levy on the execution on May 13, 2022, allowing a brief stay to afford the tenant the opportunity to seek review from a single justice of this court.  On May 24, 2022, a single justice of this court entered a stay pending appeal.  Because the plaintiff landlord subsequently accepted the RAFT funds, we dismiss the appeal as moot.

"It is the general rule that courts decide only actual controversies.  We follow that rule, and normally do not decide moot cases."  Boston Herald, Inc. v. Superior Court Dep't of the Trial Court, 421 Mass. 502, 504 (1995).  "Litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome[,] . . . [and] a court can order no further effective relief" (quotations and citations omitted).  Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 816-817 (2019), cert. denied, 140 S. Ct. 858 (2020).  See Mullholland v. State Racing Comm'n, 295 Mass. 286, 289 (1936) (when "a decision by the court will not be applicable to existing rights, no decision will be rendered" because "[t]he questions originally involved have become moot").

Here, because the landlord accepted the RAFT funds and reinstated the defendant's tenancy, there is no remaining case in controversy.[2]

The matter is remanded to the Housing Court with the direction that the summary process action be dismissed because it is moot.

So ordered.

By the Court (Henry,
  D'Angelo & Hodgens, JJ.[3]),

Assistant Clerk

Entered:  February 5, 2024.

---

[2] The tenant includes a heading in her brief questioning whether the court erred in granting the plaintiff leave to file a motion to amend the judgment to include the levy cancellation fee in the amount of $550.  Passing over whether this is adequate appellate argument, we need not reach the issue because the landlord did not move to amend the judgment.  If the landlord imposed that charge on the tenant's account, the propriety of such a charge is a matter for the parties to resolve in a separate proceeding.  The parties have represented that there is a subsequent summary process matter currently pending.  That matter is not before us.

[3] The panelists are listed in order of seniority.